## Sandy v. Board of Commissioners of the County of Morgan.

[No. 6,431. Filed October 6, 1908.]

APPEAL.—*Amount Involved.—Statutes.—Construction.—Counties.—Autopsies.—Physicians.*—In an action by a physician against the county for holding an autopsy upon the request of the county coroner, the demand being for $50, where the construction of §§6719-6721, 6724 Burns 1901, Acts 1891, p. 15, §11, and Acts 1899, p. 17, §§3-5, forbidding an appeal in cases involving less than $50, unless, among other things, the validity or construction of a statute is involved, the jurisdiction, on appeal, is in the Supreme Court.

From Morgan Circuit Court; *Joseph W. Williams*, Judge.

Action by William J. Sandy against the Board of Commissioners of the County of Morgan. From a judgment for defendant, plaintiff appeals (see — Ind. —). *Transferred to Supreme Court.*

*N. A. Whitaker*, for appellant.

*S. C. Kivett*, for appellee.

COMSTOCK, J.—Appellant brought suit against appellee to recover for services, alleged to be of the value of $25, in holding an autopsy on the body of Raymond Bennett, upon

the order and under the direction of the coroner of Morgan county. The demand was for $50. The cause was put at issue, and trial had and judgment for costs rendered in favor of appellee.

The action of the court in overruling the demurrer to the several paragraphs of the answer and appellants' motion for a new trial are assigned as errors.

Before considering the merits of the appeal, appellee denies the jurisdiction of this court, upon the ground that the claim does not exceed $50. By the act of 1903 (Acts 1903, p. 280, §1, §1389 Burns 1908), which is amendatory of the act of 1901 (Acts 1901, p. 565, §6, §1337f Burns 1901), defining the jurisdiction of the Supreme and Appellate Courts, it is provided: "No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in controversy, exclusive of interest and costs, does not exceed $50, except as provided in section eight of this act." Section eight of the act of 1901 (Acts 1901, p. 565, §1391 Burns 1908) reads as follows: "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal Constitution, and which case would be otherwise unappearable [unappealable] by virtue of section six or section seven, shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

Appellant claims that this appeal involves the construction of §§6719-6721, 6724 Burns 1901, Acts 1899, p. 17, §§3-5, Acts 1891, p. 15, §11. Under §1391, *supra,* the construction of a statute, and whether the question is properly presented, are solely within the jurisdiction of the Supreme Court. The case is therefore transferred to that tribunal.